**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**JOSEPH MICHAEL ARPAIO,**

Plaintiff,

v.

**Case No. 18-cv-02387 (APM)**

**MICHELLE COTTLE, et al.**

Defendants.

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff Sheriff Joseph Arpaio ("Plaintiff Arpaio"), pursuant to this honorable Court's Order of August 9, 2019, hereby seeks leave to amend his Complaint and respectfully submits as follows:

1. Under Federal Rule of Civil Procedure 15(a), a Complaint may be amended "with the party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

2. Motions to amend a complaint are liberally granted by this court. *See Adams v. Quattlebaum,* 219 F.R.D. 195, 197 (D.D.C. 2004) ("[C]ourt[s] must . . . heed Rule 15's mandate that leave is to be 'freely given when justice so requires.'"). The U.S. Court of Appeals for the District of Columbia Circuit has adopted a liberal approach to the amendment of pleadings to ensure that claims will be decided on the merits rather than on technicalities. *Belizan v. Hershon*, 434 F.3d 579, 582 (D.C. Cir. 2006). Leave should only be denied upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182

(1962); *see also Belizan*, 434 F.3d at 582; *Richardson v. United States*, 193 F.3d 545, 548-59 (D.C. Cir. 1999). Moreover, prejudice to the party opposing the amendment must be substantial in that the amendment must cause a serious impairment of the non-movant's ability to present its case. *Cf. Djourabchi v. Self*, 240 F.R.D. 5, 13-14 (D.D.C. 2006). The party opposing the amendment bears the burden of showing such substantial or undue prejudice. *Atlantic Bulk Carrier Corp. v. Milan Express Co., Inc*., No. 3:10-cv-103 WL 2929612, at *4 (E.D. Va. 2010). Pertinent considerations in analyzing whether "undue prejudice" exists include: whether the proposed amendment (1) "substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation," (2) requires the defendant to expend significant additional resources to conduct discovery and prepare for trial; and (3) will significantly delay the resolution of the dispute. *See Djourabchi*, 240 F.R.D. at 13.

3. There has been no undue delay in filing this motion, as Plaintiff files this motion in accordance with the Court's Order of August 9, 2019. It ruled "[a]bsent a motion from Plaintiff that seeks to amend, filed within 14 days and attaching a proposed amended complaint, the court will dismiss the Complaint with prejudice." Mem. Op. at p. 11 [Dkt. # 16].

4. The filing of the proposed Amended Complaint will not cause Defendants to suffer undue prejudice. When considering whether an amended pleading would impose undue prejudice on a party, the inquiry centers on whether the amendment will put a litigant at some litigation advantage (e.g., by denying a litigant an opportunity to participate in discovery or motion practice). *See Teltschik v. Williams & Jensen*, 683 F. Supp. 2d 33, 42 (D.D.C. 2010) (denying leave where proposed amendment came "years after [plaintiff] filed his original complaint and after the parties [] conducted extensive discovery").

5. Here, Defendants will not be deprived of any discovery or any other rights in connection with the presentation of their defense to Plaintiff's claims. The additional allegations do not alter Plaintiff's legal theories, involve new claims, or raise new legal issues. Defendants will not have to engage in significant new preparation or expend significant additional resources as a result of the proposed amendments. In fact, Defendants' oppositions are already written.

6. As set forth in the Court's Order of August 9, 2019, Plaintiff has "perfected" his Amended Complaint, alleging with even greater specificity that Defendants allegedly acted with actual malice by making a calculated decision not to verify their story, by not seeking comment form anyone who could provide a different perspective, by failing to interview sources, and other many indications that Defendants knew their story was false or at a minimum entertained serious doubts as to its truth, as well as other relevant additions.

7. Plaintiff also pled the tortious interference claim with more specificity to the extent possible, without limited discovery.

8. Attached as Exhibit 1, pursuant to the Court's August 9, 2019, is Plaintiff's Amended Complaint.

WHEREFORE, Plaintiff Arpaio respectfully requests that this motion be granted.

**Dated**: August 21, 2019

Respectfully submitted,

*/s/ Larry Klayman*

Larry Klayman, Esq.
FREEDOM WATCH, INC.
D.C. Bar No. 334581
2020 Pennsylvania Ave. NW, Suite 345
Washington, D.C. 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of August 2019, a copy of the foregoing was filed and served by electronic filing upon counsel listed on the Notice of Electronic Filing.

*/s/ Larry Klayman*
Larry Klayman